UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE DAVID WALKER,

      Plaintiff,                                       Civil Action No. 19-CV-12343

vs.                                               HON. BERNARD A. FRIEDMAN

HENRY FORD HEALTH SYSTEM, et al.,

      Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

           This matter is presently before the Court on (1) the motion of defendants Henry Ford

Health System, Henry Ford Alliance Health, Henry Ford Allegiance Hospital, David Halsey MD,

Heather McLeod, Tanya Sanford RN, Brent Walker RN, Sameer Ahmen MD, Robin Buocha RN,

Jeremee Wood EDT, and Ashley Friess EDT ("the hospital defendants") to dismiss [docket entry

6]; (2) the motion of defendants Jackson County, Jackson County Sheriff's Department, Jackson

County Sheriff Steven Rand, and Jackson County Deputy Sheriff Hillary Jenski ("the Jackson

defendants") to dismiss [docket entry 7]; and (3) plaintiff's motion for summary judgment [docket

entry 12].  Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a

hearing.

           Plaintiff's pro se complaint alleges, in short, that defendants – a hospital and health

system, two of its physicians, three of its nurses, one of its emergency department technicians, its

patient representative, one of its patient care-givers, as well as Jackson County, its sheriff and one

of its sheriff's deputies, and an entity he calls The Original Tear Group – conspired to murder him

when he entered the hospital for emergency care in February 2018.[1]  Plaintiff claims the nurses,

defendants Sanford and Walker, attempted to kill him by injecting him with insulin (plaintiff says

he is diabetic), but their attempt failed when he "awoke, refreshed & alert" and demanded to be

discharged.  Compl. ¶¶ 3-4. He further claims that all of the above-mentioned hospital personnel

were engaged in this "elaborate plot to kill me" at the behest of county officials who had "vowed

to retaliate by killing me; even if it took '20 years'" after plaintiff exposed their involvement in some

kind of wrongdoing connected with a "school bus parking lot accident" in 1996 in which his son was

injured.  *Id.* ¶ 7.

Plaintiff asserts claims against all of the defendants for violating the Racketeer

Influenced and Corrupt Organizations ("RICO") Act; for violating federal criminal statutes

concerning conspiracy to commit murder; and for violating his Fourteenth Amendment rights.  For

relief, he seeks "in excess of" $50 million in damages and "a complete investigation into the actions

of all Defendants named herein and prosecute all Defendants to the full extent of the law."  *Id.* at 31.

Defendants make a number of convincing arguments as to why the complaint in this

matter must be dismissed.  First, they correctly note that the complaint does not meet basic pleading

standards.  "[A] complaint must contain sufficient factual matter . . . to 'state a claim to relief that

is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for

---

[1] The hospital records indicate that plaintiff lost consciousness and fell at home.  His family brought him to the emergency department at Henry Ford Allegiance Hospital in Jackson, Michigan.  After two days, plaintiff was discharged in stable condition.  Hospital Defs.' Mot. to Dismiss, Exs. 2 and 3.

the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These standards are not met in the present case because the complaint consists of conclusory statements and allegations that are simply not plausible. Plaintiff's elaborate conspiracy theory that purportedly connects the many defendants in an evil plot dating back to 1996 is, quite simply, delusional, absurd, and unbelievable.

The specific claims fail for other reasons as well. A plaintiff asserting a RICO claim must allege that he has been "injured in his business or property." *Jackson v. Sedgwick Claims Mgmt. Servs., Inc.*, 731 F.3d 556, 563-64 (6th Cir. 2013). Plaintiff makes no such allegation in this case. Therefore plaintiff has failed to state a RICO claim (Count I).

Plaintiff's claim of "Federal Criminal Conspiracy to Commit Murder" (Count II) fails to state a claim because plaintiff relies solely on 18 U.S.C. §§ 1111-19, and the case law is clear that a private right of action may not be premised on criminal statutes. *See, e.g., Am. Postal Workers Union v. Indep. Postal Sys. of Am., Inc.*, 481 F.2d 90, 93 (6th Cir. 1973); *Malloy v. Watchtower Bible & Tract Soc'y*, No. CV 17-10635, 2017 WL 6539056, at *4 (E.D. Mich. Dec. 21, 2017). Therefore, plaintiff has failed to state a claim under this count.

Plaintiff's Fourteenth Amendment claim (Count III) fails as to all of the hospital defendants because, as plaintiff concedes in his response brief, they are not state actors. The Jackson County defendants are state actors, but the complaint does not allege how any of them violated plaintiff's due process or equal protection rights. Plaintiff's only mention of Sheriff Rand is that the hospital defendants felt emboldened to proceed with their attempted murder plot because Rand,

3

"who was into making 'Snuff Videos' . . . would protect everyone that helped or became involved in killing me." Compl. ¶ 8. As noted above, allegations of this nature are delusional and implausible. Plaintiff's only mention of Deputy Sheriff Hillary Jenski is that she declined his request "to file a attempted murder complaint," *id.* ¶ 65, an apparent reference to the alleged attempt on plaintiff's life during his hospitalization. Plaintiff had no constitutional right to file such a complaint. Further, in the absence of any cognizable claim against a Jackson County employee, no claim can be maintained against the county itself. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

The only remaining motion is plaintiff's motion for summary judgment, in which he asks that the Court sanction defense counsel for "making false claims and assertions" in their motions to dismiss. This is no basis for seeking summary judgment, and the Court finds nothing improper in the motion papers defendants have filed. Accordingly,

IT IS ORDERED that defendants' motions to dismiss are granted.

IT IS FURTHER ORDERED that the complaint is dismissed sua sponte as to defendant The Original Tear Group, as plaintiff has not shown it is an entity with capacity to be sued.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is denied.

s/Bernard A. Friedman
Dated: October 24, 2019          BERNARD A. FRIEDMAN
     Detroit, Michigan          SENIOR UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 24, 2019.

Joe David Walker
363 Oakwood Ave.
Jackson, MI 49203

s/Johnetta M. Curry-Williams
Case Manager